UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL ELDON KENNEMORE,   )
                          )
           Plaintiff,     )
                          )
     v.                   )    No. 4:07-CV-278-RWS
                          )
ALAN BLAKE,               )
                          )
           Defendant.     )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daniel Eldon Kennemore for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee, and therefore, he will be granted leave to proceed in forma pauperis. Furthermore, having carefully reviewed the file, the Court finds that the complaint should be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks release from confinement and monetary relief in this action against defendant Alan Blake. Plaintiff alleges that defendant "has conspired to cover-up [plaintiff's] innocence and failed to seek [his] release." Plaintiff claims that he was "beaten [by the police and] forced to plead guilty . . . when [he] was innocent." Plaintiff states that the grounds for filing this case in Federal Court are as follows: "Religious difference, false testimony, forced plea, coercion, right to freedom after paying bail denied." The Court will

2

liberally construe the complaint under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff does not claim that his conviction, sentence, or civil commitment has been reversed, expunged, invalidated, or called into question.

To the extent that plaintiff is challenging the validity of his present commitment, his claim is cognizable under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the proper mechanism to challenge either the fact or length of confinement). Liberally construing the action as arising under § 2254, the Court finds no indication that plaintiff has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a plaintiff must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently

available and adequate procedure. The State of Missouri provides habeas corpus relief for persons in its custody, and as such, plaintiff has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**

4